IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OMI'S CUSTARD COMPANY,**

    **Plaintiff,**

**v.**

**RELISH THIS, LLC, and**
**V & L TOOL, INC.,**

    **Defendants.**                                                 **Case No. 04-cv-861-DRH**

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

## I. INTRODUCTION

On February 22, 2005, the Court issued an Order (Doc. 20) in this matter, finding that because of a lack of subject matter jurisdiction – specifically, the minimum amount in controversy was not met under **28 U.S.C. § 1332** – the case should be remanded back to state court. In accordance with this finding, Plaintiff's Motion to Remand (Doc. 5) was granted and the case was remanded to the Circuit Court, Third Judicial Circuit, Madison County, Illinois, for further proceedings. Madison County Circuit Court thereby acknowledged receipt of the Court's remand letter on February 28, 2005 (*see* Doc. 22).

Exactly one year later, defendants V&L Tool, Inc. ("V&L"), filed a Motion for Reconsideration of the Court's Remand Order (Doc. 23), pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**. Plaintiff has filed its opposing Response (Doc. 27),

to which V&L has filed its Reply (Doc. 31). Although defendant cites circumstantial evidence that appears to indicate suspicious behavior, perhaps gamesmanship, on the part of Plaintiff, the principles of comity and the Federal Rules of Civil Procedure weigh against granting V&L's Motion.

## II. BACKGROUND

### A. FACTUAL SUMMARY

Allegedly, defendant Relish This, LLC ("Relish This"), sold Plaintiff a defective custard machine, which was manufactured and distributed by V&L (Doc. 2, ¶¶ 3, 7). Plaintiff thereafter filed suit in state court against both Relish This and V&L, seeking rescission of the purchase of the custard machine and consequential damages. Defendant, believing diversity jurisdiction existed, removed the case to this Court, whereby Plaintiff filed a timely remand motion. Plaintiff prevailed on its remand motion because it asserted that the purchase price of the custard machine was only $39,800.00 and the consequential damages could not yet be determined, but could possibly include lost profits. As V&L could not meet its burden to show proper subject matter jurisdiction existed at the time of removal, the Court found remand was warranted.

Very recently, Plaintiff submitted to V&L a "Pro Forma Estimate of Damages," estimating its lost profits at an amount in excess of $300,000.00 (*see* Doc. 23 - Declaration of Nora E. Gierke, Ex. D). This disclosure was made, according to V&L, "only after the one year deadline for removal lapsed . . ." despite V&L's repeated and fruitless efforts to secure a damages calculation from Plaintiff

(Doc. 24, p. 4). As a result, V&L believes Plaintiff's "blatant misconduct" in failing to reveal its damages estimate until only *after* removal under the Federal Rules of Civil Procedure was no longer possible, supports reconsideration.

**B.     THE PARTIES' ARGUMENTS**

V&L now moves the Court to reconsider its remand Order (Doc. 23), arguing that Plaintiff misrepresented the amount in controversy it sought (Doc. 24). According to V&L, under **Rule 60(b)**, a showing of fraud or newly discovered evidence allows reconsideration of an order. *Id.* The amount now sought by Plaintiff, more than $300,000.00, was not disclosed to V&L until after the one year deadline for removal, as set forth under **28 U.S.C. § 1446(b)**.

Plaintiff responds in opposition, claiming that a federal court cannot reconsider its own order remanding a case to state court (Doc. 27, citing **28 U.S.C. § 1447(d);** *Consolidated Doors, Inc. v. Mid-America Door Co.*, **120 F. Supp. 2d 759 (E.D. Wis. 2000)**). In the alternative, Plaintiff contends V&L's Motion falls outside the one-year deadline for removal under **28 U.S.C. § 1446(b)** and also that V&L has failed to make a showing of fraud as required by **Fed. R. Civ. P. 60(b)(3)** to warrant reconsideration (Doc. 27, pp. 3-4). Therefore, according to Plaintiff, the instant Motion should be denied.

V&L replies, asserting that it is proper to reconsider the remand order (Doc. 31, **citing 28 U.S.C. § 1447(d);** *see also Lee v. State Farm Mut. Auto. Ins. Co.*, **360 F. Supp. 2d 825 (S.D. Miss. 2005);** *Elsesser v. Hosptial of the*

*Philadelphia College of Osteopathic Med.*, 802 F. Supp. 1286, 1288 (E.D. Pa. 1992) (*citing State of Fla. v. Simanonok*, 850 F.2d 1429 (11th Cir. 1988); *Smith v. Anadrill, Inc.*, 762 F. Supp. 1267 (S.D. Tex. 1991); *Ball v. Martin Marrietta Magnesia Specialties, Inc.*, 130 F.R.D. 77 (W.D. Mich 1990); *J.C. Bender v. Alfa Ins. Co.*, 754 F. Supp. 95 (S.D. Miss. 1990); *Litka v. University of Detroit Dental School*, 610 F. Supp. 80 (E.D. Mich. 1985)). V&L further maintains Plaintiff misrepresented to this Court the relief it sought, which should justify a reconsideration of remand, despite the fact that it is over a year since the case was remanded to state court (Doc. 31).

### III. ANALYSIS

A. **LEGAL STANDARD**

1. **Rule 60(b)**

Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them" and should be granted "as justice requires," **Fed. R. Civ. P. 60 advisory committee's notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922); *see also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60App.108[2] (3d ed. 2004). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736

**F.2d 388 (7th Cir. 1984)**). Reconsideration of prior decisions are allowed under **Rule 60(b)(3)** for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." **Fed. R. Civ. P. 60(b)(3)**. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." ***Caisse Nationale de Credit Agricole*, 90 F.3d at 1270**.

    2.    Review of Remand Pursuant to 28 U.S.C. § 1447(d)

    a.    *Review is Barred*

**Section 1447(d)** states, in pertinent part, "[a]n order remanding a case to the State court from which it was removed is not reviewable *on appeal or otherwise . . . .*" **28 U.S.C. § 1447(d) (emphasis added)**. The phrase in **§ 1447(d)**, "on appeal or otherwise," has led to some differing interpretations as to whether district courts can reconsider an order remanding a case back to state court.[1] ***City of Valparaiso, Ind., v. Iron Workers Local Union #395, et al.*, 118 F.R.D. 466, 468 (N.D. Ind. 1987) (citations omitted)**. According to ***Valparaiso***, these

---

[1] The majority of jurisdictions considering this issue have ruled that reconsideration of a district court's order remanding a case to state court is prohibited by **§ 1447(d)**. ***See, e.g., City of Valparaiso, Ind., v. Iron Workers Local Union #395, et al.*, 118 F.R.D. 466, 468 (N.D. Ind. 1987) (citing *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986); *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1059-1061 (6th Cir. 1986); *Pelleport Investors, Inc. v. Budco Quality Theatres*, 741 F.2d 273, 279 n. 3 (9th Cir. 1984); *Three J. Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979); *Federal Deposit Ins. Corp. v. Santiago* Plaza, 598 F.2d 634, 636 (1st Cir. 1969); 14A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §3739 (1985 & Supp. 1987); 1A JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.169 [2.-1] (2d ed. 1987))**.

authorities stand for the principle that "once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." *Id*. In other words, when initially determining whether to remand a case, "[t]he district court has *one shot, right or wrong*." *Id*. **(citing *In re Providencia*, 406 F.2d 251, 252-53 (1st Cir. 1969)(emphasis added)(internal citations omitted))**.

Although the Court has not uncovered binding precedent regarding the specific issue of whether a district court can reconsider its remand order when considering the language of **§ 1447(d)**, an insightful discussion was offered by the United States District Court for the Eastern District of Wisconsin in ***Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759 (E.D. Wis. 2000)** – a case cited by Plaintiff in its Response. This sister court examined whether it could reconsider an order, pursuant to **Rule 60(b)**, which remanded a case back to state court for the defendant's failure to meet its burden that the amount in controversy existed.

Examining the limiting language of **§ 1447(d)**, the district court stated:

> First, it fosters general judicial economy. ***In re La Providencia*, 406 F.2d at 252-53 (1st Cir.1969)**. Reconsideration by the remanding court, like review by an appellate court, may contribute to needless delay and inefficiency. "Without **§ 1447(d)**, a party to a state action could remove the action to federal court, await remand, request reconsideration of the remand, appeal, request rehearing, and then file a petition for a writ of certiorari, all before being forced to return to state court several years later." ***Hudson United Bank v. Litenda Mortgage Corp.*, 142 F.3d 151, 156 (3d Cir.1998)**.

> **Section 1447(d)** also evinces a respect for state courts and principles of comity. Reversing a remand order, whether on reconsideration or on appeal, would require the federal court to intrude upon the operation of a branch of state government. This is particularly true where, as here, the state court has already received a certified copy of the remand order. Such an encroachment upon state sovereignty is not to be undertaken lightly. Particularly is this true where the interference is not expressly contemplated statutorily, as it is, for example, in **28 U.S.C. § 1441**.

***Consolidated Doors*, 120 F. Supp. 2d at 765 (other citations omitted)**.

The Court also noted that the United States Supreme Court had previously deemed that remand orders issued pursuant to **§ 1447(c)** (lack of subject matter jurisdiction) "are immune from review . . . ." ***Id.* (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976))**. More importantly, again relying on the guidance of ***La Providencia***, the district court realized the importance of not allowing a case to "ricochet back and forth depending upon the most recent determination of a federal court." ***Id.* (citing *La Providencia*, 406 F.2d at 252-53)**.

  **b.** *Equitable Exception for Review*

V&L largely relies on ***Lee v. State Farm Mutual Automobile Ins. Co.*, 360 F. Supp. 2d 825 (S.D. Miss. 2005)** and ***Elsesser v. Hosptial of the Philadelphia College of Osteopathic Med.*, 802 F. Supp. 1286, 1288 (E.D. Pa. 1992)**. It its Reply, V&L points out that the district court in ***Elsesser*** read the "on appeal or otherwise" language of **§ 1447(d)** "to preclude only certain *appellate* review of a remand order." ***Id.* at 1288 n.1 (emphasis in original)(citing *State of***

*Fla. v. Simanonok*, 850 F.2d 1429 (11th Cir.1988); *Smith v. Anadrill, Inc.*, 762 F. Supp. 1267 (S.D. Tex.1991); *Knickerbocker v. Chrysler Corp.*, 728 F .Supp. 460 (E.D. Mich.1990); *Litka v. University of Detroit Dental School*, 610 F. Supp. 80 (E.D. Mich.1985)).  V&L also asserts that *Lee* closely mirrors this case, factually, in the sense that the plaintiffs in *Lee* were "attempting to manipulate the process to avoid removal" (Doc. 31, p. 2).

In *Lee*, the District Court for the Southern District of Mississippi had originally remanded the case based on an apparent lack of complete diversity of citizenship, finding that the plaintiffs had not fraudulently joined other parties to defeat diversity jurisdiction, applying the "common defenses" fraudulent joinder analysis. *Lee*, 360 F. Supp. 2d at 828.  The defendant thereafter filed a motion for reconsideration of remand, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**, arguing that the district court should retain its jurisdiction over the case as the plaintiffs would "not stipulate that they will not amend their Complaint to seek additional causes of action against [the defendant] after this Court decides the Motion to Reconsider." *Id.* at 829.  The defendant believed any amendment of the sort would, in effect, amount to a circumvention of diversity jurisdiction, thereby thwarting any of the defendant's further attempts of removal due to the one-year time limit as stated in **28 U.S.C. § 1446(b)**.

Examining prior holdings in which the district court had applied the

"Preferred Approach" to such a problem,[2] the *Lee* court noted that the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), had recently tempered the "Preferred Approach," declaring that "'[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in [28] U.S.C. § 1446(b) be extended.'" *Lee*, 360 F. Supp. 2d at 832 (quoting *Tedford*, 327 F.3d at 428-29). Therefore, due to the holding in *Tedford*, "a defendant, equipped with an equitable exception for forum manipulation, no longer need[s] to use a stringent form of the 'Preferred Approach' to protect his or her rights." *Id.* Thus, in an opinion issued subsequent to *Tedford*, the Southern District of Mississippi court required the defendant to prove by a preponderance of the evidence that the plaintiff's discovery responses showed the damages sought would exceed the minimum amount in controversy. *Id.* (citing

---

[2] *Lee* discusses two previous case opinions issued by the Southern District of Mississippi court, in which the district court adopted what is called the "Preferred Approach." *Lee*, 360 F. Supp. 2d at 829-33 (citing *McLain v. American Int'l Recovery, Inc.*, 1 F. Supp. 2d 628 (S.D. Miss. 1998) and *Draper v. U.S. Fidelity & Guaranty Co.*, No. Civ. A. 3:00CV70BN, 2000 WL 268565 (S.D. Miss. Mar. 8, 2000)). Both *McLain* and *Draper* involved a reconsideration of a remand when the actual amount in controversy was in question, as in the instant case. The defendants feared the plaintiffs were merely stating a minimal amount in damages at the start of the suit in order to avoid removal, but then seeking more in damages once the time limit for removal had passed. In order to resolve such an anticipated problem, the district court determined that it should use a "Preferred Approach," which states "'[w]hen a plaintiff has pleaded damages below $75,000 and defense counsel believes that the damages are in excess of $75,000, the defendant can have the case properly removed by utilizing state court discovery procedures . . . . If the plaintiff denies this [discovery] request [to admit that the damages do not exceed $75,000], the case can be removed and this discovery response should be filed in the record." *Lee*, 360 F. Supp. 2d at 831 (quoting *McLain*, 1 F. Supp. 2d at 631). Later, in *Draper*, the district court also went on to hold that removal was allowed "if a plaintiff *in any way fails to admit* she will not seek more than the jurisdictional amount." *Id.* (citing *Draper*, 2000 WL 268565, at *3).

***Wilbanks v. N. Am. Coal Corp.*, 334 F. Supp. 2d 921, 926-28 (S.D. Miss. 2004))**.

**B.   DISCUSSION**

This judge has certainly discouraged the use of the Fifth Circuit's so-called "preferred approach" prior to removal, since it will not likely result in a valid evaluation of a case. What plaintiff's lawyer, wanting to avoid a malpractice claim later, would admit that a case is less than $75,000.00? There are lawyers trolling the halls of the county courthouses searching for cases that, in their opinions, settled for too little. Such a stipulation would likely be Exhibit 1 for the legal malpractice lawyer.

The Court is not persuaded by the reasoning of ***Elsesser***, nor does it find the cases cited within the opinion to provide further support to convince it otherwise. Further, ***Lee*** (the case V&L cites as being the most on-point) largely relied upon ***Tedford***, which did not deal with the specific issue of whether a district court could reconsider its own remand order pursuant to **Rule 60(b)**. Instead, ***Tedford*** involved an interlocutory appeal regarding whether a defendant could remove a case after the one-year time limit under **§ 1446(b)** had passed. ***Id.* at 833**. While the Court does not find the aim of ***Tedford*** to be misguided, it does not believe this is the proper approach to the circumstances herein.

First, there exists no binding case law for the Court to follow that aligns with the equitable exception approach applied by the Fifth Circuit in ***Tedford***. On the other hand, there does not appear to be binding precedent that is contrary to the

holding in ***Tedford***. Yet, at this time, the Court believes applying a strict construction of the language of **§ 1447(d)**, as done in ***La Providencia*** and ***Thermtron***, is the more appropriate means of handling this situation. Even though the facts of the case may give one pause as to the validity and good faith of Plaintiff's conduct regarding its disclosure of lost profits, the fact remains this case has proceeded now, on remand, in state court for nearly a year. If V&L believes Plaintiff's actions to be truly fraudulent or disingenuous, there are other remedies it may seek while in state court in order to deter such behavior. The Court certainly sympathizes with V&L's probable frustration in believing Plaintiff has deliberately avoided the federal court system. Nevertheless, the Court feels that the principles of comity and the letter of the law do not afford using an equitable approach here, unless the legislature or courts with binding authority upon this Court subsequently render otherwise.

Additionally, the Court believes its finding that it does not have the authority to reconsider its remand order is consistent with the legal requirement that doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. In fact, at the time of removal, the removing party bears the burden to offer competent proof showing, to a reasonable probability, that subject matter jurisdiction exists. ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**; ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.**

**1997)*(citations omitted)*.  As V&L was not able to adequately show this at the time of removal, a remand was the only proper outcome.  The possibility, however, that such information regarding the actual amount in controversy was withheld or conveniently not yet determined by Plaintiff, does not sit well with the Court, but this will carry into the next point of discussion.

V&L clearly states in its Reply in regards to the one-year time limit under **§ 1446(b)**, "V&L is moving for reconsideration of the prior remand order – which was based on V&L's petition for removal filed well within the one year period.  Thus, the one year deadline is not at issue here" (Doc. 31, p. 3).  Instead, as stated by V&L, its Motion for Reconsideration is properly analyzed under the limitations of **Rule 60(b)**, which only allows reconsideration under certain circumstances.  Specifically, V&L argues reconsideration is warranted for Plaintiff's "misrepresentations and misconduct," explaining that **Rule 60(b)(3)** allows reconsideration for "fraud . . . misrepresentation, or other misconduct of an adverse party" (Doc. 31, p. 3).

The facts and arguments presented by V&L supporting its assertion do not meet the "clear and convincing" burden that Plaintiff intentionally or unintentionally misrepresented the fact that its final damages calculation was uncertain.  ***See Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir. 1983)*(citation omitted)*.  Plaintiff, in its opposing Response, contends that it was unable to provide an estimate of its lost profits because it had only been in business four months

before filing suit and needed to be operating for at least another eight months in order to quantify lost profits for its first year of business (Doc. 27, p. 4). Further, Plaintiff states it also needed to first determine the requirements of its distributor before it could project lost profits (*Id.*).

While V&L strongly contends Plaintiff's explanation,[3] the remand Order itself quoted V&L, speculating in its Response to Plaintiff's Jurisdictional Statement, that consequential damages sought by Plaintiff "*might* include items such as reimbursement for the costs of installing V&L's custard machine . . . and lost profits, etc." (Doc. 20, p. 6, quoting Doc. 18, p. 4 n.1)(emphasis in original). Thus, V&L was aware that lost profits may later be included in Plaintiff's damages calculation – however, because V&L could not show a reasonably certain amount at the time of removal, the Court could not consider it as part of the jurisdictional amount. Therefore, because the Court does not find V&L has proven adequate grounds under **Rule 60(b)** to warrant consideration, and because the Court does not find it could reconsider its remand order even if there the Rule 60(b) requirements were met,[4] V&L's Motion for Reconsideration is **DENIED**.

---

[3] V&L even argues that Plaintiff's claim for rescission of the purchase contract for the custard machine cannot include lost profits. The Court believes this argument to inaccurately state the law, however, this should be a matter determined by the state court.

[4] The Court notes that V&L has also alternatively argued that under **Rule 60(b)(6)**, reconsideration may be given for "any other reason justifying relief from the operation of judgment" (Doc. 24, p. 6, quoting ***Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 342 (7th Cir. 2004)**). However, the Court has already explained why it believes it is not allowed by the language of **§ 1447(d)** to reconsider its remand order, so this alternative argument also fails.

## IV. CONCLUSION

For the reasons stated herein, defendant V&L's Motion for Reconsideration (Doc. 23) is hereby **DENIED**. As such, the Court continues to find it has no jurisdiction over this matter, so that the case should proceed in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, where it is currently pending.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2006.

/s/         David   RHerndon
**United States District Judge**
